**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shirley THIBODEAUX, Defendant–Appellant.**

No. 04–20231.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of Shirley Thibodeaux. *United States v. Thibodeaux*, 115 Fed. Appx. 708 (5th Cir. Dec.17, 2004)(unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Thibodeaux argues that the district court's application of sentencing guidelines adjustments based upon the amount of loss and victims involved and for means of identification used violated the Sixth Amendment. Thibodeaux concedes that her argument is raised for the first time on appeal and is reviewable for plain error only. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04–9517).

As Thibodeaux admits, the district court made no statements indicating that it would have imposed a lower sentence under an advisory guidelines regime. Accordingly, although the district court's adjustments to Thibodeaux's sentence constitute error that is plain, i.e., obvious, Thibodeaux cannot demonstrate that the error affected her substantial rights. *See id.* at 521–22.

Thibodeaux correctly acknowledges that this court has rejected the argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See United States v. Martinez–Lugo*, 411 F.3d 597, 611 (5th Cir.2005). She likewise

concedes that our precedent forecloses her contention that application of *Booker*'s remedial opinion to her violates the Ex Post Facto Clause. *See United States v. Scroggins*, 411 F.3d 572, 577 (5th Cir. 2005). She raises these arguments to preserve them for further review. Thibodeaux's reliance on the plain error analysis set forth in *United States v. Dazey*, 403 F.3d 1147 (10th Cir.2005), is unavailing in light of *Mares*.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Thibodeaux's conviction and sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.